IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-148-BO
No. 5:17-CV-243-BO

|  |  |  |
|---|---|---|
| DENNIS TAYLOR, | ) | |
| Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255 [DE 31]. The government has moved to dismiss the

petition [DE 39] and the matter is ripe for disposition. For the reasons discussed below, the

government's motion to dismiss is granted and petitioner's motion is dismissed.

BACKGROUND

On September 28, 2015, petitioner pleaded guilty, pursuant to a written plea agreement,

to counts one and two of his indictment: conspiracy to distribute and possession with the intent to

distribute 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 846 and

841(b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime and aiding

and abetting, in violation of 18 U.S.C. §§ 924(c), 924(c)(1)(A)(i) and 2. Petitioner was sentenced

on April 26, 2016 to 94 months' imprisonment on count one, and 60 months' imprisonment on

count two, to run consecutively. [DE 25]. Petitioner did not appeal his sentence.

On May 28, 2017, petitioner filed the instant motion. Petitioner alleges that the Supreme

Court's ruling in *Dean v. United States* means that his sentence as to count one may be reduced.

*See Dean v. United States*, 137 S.Ct. 1170 (2017). The government has moved to dismiss

petitioner's motion on the grounds that petitioner waived his right to collaterally attack his

sentence, and that *Dean* does not provide him any avenue for relief.

DISCUSSION

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3rd Cir. 2000)). Petitioner's motion is denied because his motion does not state a claim that is a plausible ground for relief.

*Dean* stands generally to reaffirm a sentencing court's discretion in crafting a just and proportional sentence. *Dean v. United States*, 137 S.Ct. 1170 (2017). Specifically, it deals with the fact that a conviction under § 924(c) carries a mandatory minimum term, and that term must be imposed consecutive to the sentence imposed for the related, underlying offense. *Id.* at 1174. The Court in *Dean* held that this mandatory consecutive provision, and its effect on a defendant's entire sentence, can be considered by the sentencing court when sentencing on the other count or counts. *Id.* at 1176. If the § 924(c) mandatory minimums, which are high—5 years for the first count, and an additional 25 for the second—are enough, in the sentencing court's view, to provide a just sentence, then the court has the discretion to vary the sentence for the predicate offenses. *Id.* at 1177. That sentence can be lowered all the way down to one day, if needed. *Id.* As that day would still be consecutive to the § 924(c) sentence, the statutory sentencing requirements would be followed. *Id.*

Dean, therefore, merited relief because the sentencing judge, as he stated in open court,

would have given him much lower sentences on some of his charges than indicated by the guidelines had he believed he had the discretion to do so. *Id.* at 1175.

Several district courts in this circuit have held that *Dean* does not apply retroactively to sentences attacked via § 2255. *See, e.g., United States v. Dean*, 2017 WL 6349834 at *2 (D. S.C. Dec. 13, 2017); *United States v. Adams*, 2017 WL 2829704 at *2 (W.D. Va. June 29, 2017); *Morban-Lopez v. United States*, 2017 WL 2682081 (W.D.N.C. June 21, 2017). The Fourth Circuit has not spoken squarely on the question, but it appears that § 2255 claims under *Dean* may, in some form, exist. *See United States v. Thompson*, 714 Fed. Appx. 288 (4th Cir. 2018) (per curiam) (remanding for the district court to specifically consider petitioner's claim under *Dean*).

If *Dean* provides a new avenue for collateral attack, petitioner here still has no opportunity for relief. When a district court recognizes its power to fashion a just sentence, *Dean* does not apply, because the problem in *Dean* was the sentencing court's failure to reckon with its own authority. Here, the Court recognized its authority at sentencing, including when it granted defendant's objection regarding drug weight and lowered defendant's guideline range. Accordingly, *Dean* does not apply, and petitioner's motion under § 2255 is denied.

<u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-*

3

*El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 39] is GRANTED. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 31] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this __/__ day of July, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE